UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID A. SWEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-cv-35 |
| | ) |
| TAKENAKA CORPORATION (USA), | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

Plaintiff David A. Sweet sues his former employer, Takenaka Corporation, USA, for failing to pay overtime owed under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 8, *et seq*., and violation of the Indiana Wage Payment Act ("IWPA"), Ind. Code 22-2-5-1, *et seq*.

**II. PARTIES, JURISDICTION AND VENUE**

1. Plaintiff David A. Sweet ("Sweet"), at all times relevant to this action, has resided in Union County, within the geographic boundaries of the Southern District of Indiana.

2. Defendant Takenaka Corporation, USA ("Takenaka"), is a foreign, for-profit corporation, which, at all times relevant to this action, has maintained facilities and conducted business from its offices in Greenwood, Johnson County, Indiana, within the geographic boundaries of the Southern District of Indiana.

3. Takenaka is an "employer" as that term is defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), and is an "enterprise engaged in commerce" as that term is defined in §203(s).

4. Sweet is an "employee" of Takenaka, as that term is defined by the FLSA, 29 U.S.C.

§ 203(e).

5. At all times relevant to this action, Sweet was employed by Takenaka as a Site Manager, at Takenaka's Jamestown, Boone County, Indiana, construction site, within the geographic boundaries of the Southern District of Indiana.

6. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

7. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

8. Sweet began his employment with Takenaka in August 2013, as a Site Manager.

9. Sweet continued in this position until he voluntarily left Takenaka on August 13, 2017.

10. As a Site Manager, Sweet's duties included day-to-day interaction with subcontractors and vendors at the construction site, and reporting their concerns to the Japanese Project Managers who supervised Sweet and the other Site Managers.

11. Sweet's did not manage the construction site.

12. Sweet did not supervise or direct the work of any employees.

13. Sweet did not have authority to hire or fire other employees, nor were Sweet's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given particular weight.

14. Sweet's primary duties did not involve the performance of office or non-manual work related to Takenaka's general business operations.

15. Sweet's duties did not include the exercise of discretion or independent judgment with respect to matters of significance.

16. Sweet's primary duties did not involve performing work requiring advanced knowledge, or that was intellectual in character.

17. Sweet does not have advanced knowledge in a field of science or learning, and Sweet has not engaged in a prolonged course of specialized intellectual instruction.

18. Sweet was compensated on a salaried basis.

19. Sweet regularly worked in excess of 40 hours in a given work week, however Sweet was never paid overtime.

20. During calendar year 2015, Sweet worked 152 hours of overtime. Based on the total hours worked, Sweet's *unpaid overtime* rate was $17.79 per hour, and Sweet's total unpaid overtime totals $2,704.08 for 2015.

21. During calendar year 2016, Sweet worked 407 hours of overtime. Based on the total hours worked, Sweet's *unpaid overtime* rate was $18.21 per hour, and Sweet's total unpaid overtime totals $7,411.47 for 2016.

22. During calendar year 2017, Sweet worked 536 hours of overtime. Based on the total hours worked, Sweet's *unpaid overtime* rate was $18.57 per hour, and Sweet's total unpaid overtime totals $9,953.52 for 2017.

### IV.  LEGAL ALLEGATIONS

#### Count One: Violation of the Fair Labor Standards Act

23. Sweet incorporates the allegations in paragraphs one (1) though twenty-two (22) as though they were fully incorporated here.

24. No employer shall employ any non-exempt employee who is employed in an

enterprise engaged in commerce, for a workweek longer than forty hours unless such employee is paid not less than one and one-half times the regular rate at which he is employed.  29 U.S.C.A. § 207.

25. During his employment by Takenaka, Sweet worked a total of 1,095 hours in excess of 40 hours per week.

26. Sweet received only his standard pay for those hours.

27. Takenaka's failure to pay the required overtime constitutes a violation of the FLSA.

28. Takenak's violations of the FLSA were intentional, willful, and or taken with reckless disregard for Sweet's rights, and therefore Takenaka acted in bad faith.

29. Takenaka is liable to Sweet for unpaid overtime in the total amount of $20,069.07, less required withholding.

30. Takenaka is liable to Sweet for liquidated damages in the total amount of $20,069.07.

### Count Two: Violation of the IWPA

31. Sweet incorporates the allegations in paragraphs one (1) though thirty (30) as though they were fully incorporated here.

32. An employer shall pay every employee at least biweekly, and pay all wages earned to a date not more than ten (10) business days prior to the date of payment.  Ind. Code 22-2-5-1.

33. Sweet voluntarily left his employment at Takenaka on August 13, 2017.

34. At the time Sweet left Takenaka's employment, he was owed $20,069.07 (less required withholding) in unpaid overtime.

35. Sweet's final paycheck did not include the unpaid overtime.

36. Sweet has never received the unpaid overtime to which he is entitled.

37. Takenaka's failure to pay Sweet the overtime to which he is entitled within ten days

of the date on which it was due constitutes a violation of the IWPA.

38. If an employer, not acting in good faith, violates the IWPA, the court *shall order*, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee. Ind. Code 22-2-5-2.

39. Takenaka's failure to pay was intentional, willful, and/or was done with reckless disregard to Lantz's rights, and therefore, Takenaka acted in bad faith.

40. Takenaka is liable to Sweet for unpaid overtime in the total amount of $20,069.07, less required withholding.

41. Takenaka is liable to Sweet for liquidated damages in the total amount of $40,138.14.

### V.  RELIEF REQUESTED

WHEREFORE, Plaintiff David A. Sweet, by counsel, respectfully requests the Court to enter judgment in his favor on all claims, and to order the Defendant to:

42. Pay the Plaintiff the sum of $20,069.07 (less required withholding) in unpaid overtime;

43. Pay the Plaintiff the sum of $20,069.07 in liquidated damages pursuant to the FLSA;

44. Pay the Plaintiff the sum of $40,138.14 in liquidated damages pursuant to the IWPA, Ind. Code 22-2-5-1, *et seq*.;

45. Pay the Plaintiff pre- and post-judgment interest on all sums awarded;

46. Pay the Plaintiff's reasonable attorney fees and costs of litigation; and

47. Provide the Plaintiff with any and all other just and proper relief.

Respectfully submitted,

  s/  Jay Meisenhelder  
Jay Meisenhelder, Atty No. 19996-49  
JAY MEISENHELDER EMPLOYMENT

        & CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite B20
Indianapolis, IN  46214
Office Telephone:	317/231-5193
Facsimile Number:	317/982-5463
Email Address:	jaym@ecrls.com